menced this action against defendant on July 16, 1982, alleging that defendant and its agents had severed his lateral line from the main sewer line in June, 1979 causing sewage to back up on his property in May and June of 1982. Special Term found that plaintiff's action was barred by the Statute of Limitations since it was commenced more than one year and 90 days after the "happening of the event upon which the claim is based" (General Municipal Law, § 50-i, subd 1, par [c]). Plaintiff contends that this case is controlled by the Court of Appeals decision in *Meruk v City of New York* (223 NY 271, 276) where the court stated that "where a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act". Plaintiff's reliance on *Meruk* is misplaced. The statute at issue in *Meruk* provided that " 'no action thereon shall be maintained against said city unless such action shall be commenced within one year *after the cause of action therefor shall have accrued'* " (*Meruk v City of New York, supra,* p 274, quoting New York City Charter, § 261, as amd by L 1912, ch 452; emphasis added). The limitation period involved in *Meruk* was, thus, measured from the accrual of plaintiff's cause of action. In *Klein v City of Yonkers* (53 NY2d 1011, 1013), the Court of Appeals stated that, in interpreting section 50-i of the General Municipal Law, "the limitation period begins to run upon the happening of the event, irrespective of when the action accrued". The event upon which plaintiff's case is based is not the backup of sewage on his property in 1982, but the severance of his lateral line in June, 1979 which caused plaintiff's property damage. Special Term properly dismissed plaintiff's complaint since plaintiff failed to commence this action within one year and 90 days after the severance of his lateral line. "[T]he plain language of the statute admits of no other interpretation" (*Klein v City of Yonkers, supra,* p 1013). (Appeal from order of Supreme Court, Monroe County, White, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ HELEN T. CUNNINGHAM, Individually and as Administratrix of the Estate of EDWARD T. CUNNINGHAM, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Appeal No. 1.) (Claim No. 57225.) — Order unanimously reversed, without costs, motion granted and claim dismissed, in accordance with the following memorandum: In these wrongful death actions, arising out of the Attica uprising, claimants contend that the injuries to decedents were intentionally inflicted by the State. Claimants' attorney has conceded that these actions are governed by *Werner v State of New York* (53 NY2d 346) and that the claimants are now barred from maintaining this action at law after having applied for and accepted workers' compensation benefits. Claimants' attorney has requested a continuance in these actions to enable him to return to the Workers' Compensation Board for reconsideration of its decision. We agree that claimants should be given that opportunity but consider a continuance or stay unnecessary. If the board rescinds its determination, claimants are free to reinstitute a tort action within six months of dismissal of the claim by the board (CPLR 205, subd [c]; *Kimbrough v C. F. L. Dev. Corp.,* 80 AD2d 737). (Appeal from order of Court of Claims, Quigley, J. — dismiss claim, severance.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ ARDITH MONTELEONE, Individually and as Administratrix of the Estate of JOHN MONTELEONE, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Appeal No. 2.) (Claim No. 57224.) — Order unanimously reversed, without costs, motion granted and claim dismissed, in accordance with the same

memorandum as in *Cunningham v State of New York* (Appeal No. 1) (92 AD2d 725). (Appeal from order of Court of Claims, Quigley, J. — dismiss claim, severance.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ ELIZABETH M. HARDIE, Individually and as Administratrix of the Estate of ELMER G. HARDIE, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Appeal No. 3.) (Claim No. 54684.) — Order unanimously reversed, without costs, motion granted and claim dismissed, in accordance with the same memorandum as in *Cunningham v State of New York* (Appeal No. 1) (92 AD2d 725). (Appeal from order of Court of Claims, Quigley, J. — dismiss claim, severance.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ ANTHONY PRAVE, JR., et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 4.) (Claim No. 57841.) — Order unanimously reversed, without costs, motion granted, and claim dismissed in accordance with the following memorandum: The State appeals from 17 separate orders of the Court of Claims which denied its motion for summary judgment in actions for intentional assault stemming from the Attica uprising. The State contends that the actions are barred by claimants' acceptance of workers' compensation benefits. Claimants contend that they never applied for the benefits and should not be held to have elected their remedy. After the retaking of the prison, the State continued to pay claimants' salary and sought reimbursement from the State Insurance Fund, its workers' compensation carrier, on a form signed by claimants. In some cases claimants received a lump-sum award for permanent injury or disfigurement and medical expenses in addition to full salary for the time they were unable to work. In all cases salary and medical expenses were paid pursuant to determinations by the Workers' Compensation Board (Board) that the injuries were compensable. Although an exception to the general rule that workers' compensation is the exclusive remedy of an injured employee exists wherein the injury results from an intentional tort committed by the employer (see *Jones v State of New York,* 33 NY2d 275; *Smith v State of New York,* 91 AD2d 1181), the acceptance of benefits properly awarded and based on a determination that the injury is accidental bars the employee from maintaining an action at law (see *O'Connor v Midiria,* 55 NY2d 538; *Werner v State of New York,* 53 NY2d 346; *Smith v State of New York, supra*). Claimants are not without protection when the employer applies for benefits or reports the injury since the employee may demand a hearing before the Board and contest compensability on the ground that the injury was intentional rather than accidental (see Workers' Compensation Law, § 20). Even after a decision is rendered, the employee may apply to the Board pursuant to section 123 of the Workers' Compensation Law for a change in its determinations. "What [claimant] may not do is undermine the conclusiveness of the board's determination and the exclusivity of the compensation remedy by collateral attack in an action such as this" (*O'Connor v Midiria, supra,* p 541). We agree with the Court of Claims approach in allowing the claimants an opportunity to return to the Board for reconsideration of its determination. However, we do not believe that denial of summary judgment is necessary to accomplish that purpose. As stated in *Werner v State of New York* (53 NY2d 346, 355, *supra*), wherein the court granted summary judgment: "[this] does not necessarily mean that she [claimant] is without recourse if she was, in fact, mislead [sic] into filing the compensation claims by representations of a State employee (cf. *Hotaling v General Elec. Co.,* 12 NY2d 310). It does mean that she cannot maintain an action for assault until she has established to the satisfaction of the board in a proceeding under section 123 that it is just that its prior